UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS A. DODSON, JR.,

          Plaintiff,                              Civil No. 09-151-HA

          v.                                  ORDER

APW HOLDINGS, LLC, a Pennsylvania
limited liability company, d/b/a Airport
Wireless,

          Defendant.

_____

HAGGERTY, District Judge:

      Plaintiff asserts claims for unpaid wages and penalty wages under sections 652.120 and

652.150 of the Oregon Revised Statutes (ORS).  Defendant responds with a counterclaim for

conversion.  Plaintiff moves to dismiss defendant's counterclaim for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  The court has determined that

oral argument on this motion is unnecessary.  For the following reasons, plaintiff's motion to

dismiss is denied.

**BACKGROUND**

Plaintiff's federal Complaint is based on diversity of citizenship.  Plaintiff is a resident of Oregon and defendant is a Pennsylvania company that operates stores in airports throughout the United States.

Defendant employed plaintiff as Vice President of Operations from September 17, 2007 until September 16, 2008.  Defendant admits that it inadvertently failed to pay plaintiff for one day's wages due upon plaintiff's termination, but claims it promptly made payment upon discovering the error.

In its counterclaim, defendant alleges that plaintiff failed to return his company-owned cell phone and two laptop computers.  Defendant claims it suffered $1,200 in damage due to plaintiff's alleged conversion.  Defendant filed its claim pursuant to ORS 20.080 of the Oregon Revised Statutes, which provides in part:

> (1) In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $5,500 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant not less than 10 days before the commencement of the action . . . .

> (2) If the defendant pleads a counterclaim, not to exceed $5,500, and the defendant prevails in the action, there shall be taxed and allowed to the defendant, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the counterclaim.

ORS 20.080.

**ANALYSIS**

Because defendant's counterclaim fails to meet the amount required for diversity jurisdiction, and does not arise under the "the Constitution, laws, or treaties of the United States," no original jurisdiction exists for defendant's counterclaim.  *See* 28 U.S.C. §§ 1331, 1332 (2006).  However, defendant asserts that the counterclaim should be given supplemental

2    - ORDER

jurisdiction because plaintiff's wage claim and defendant's tort action are part of the same case or controversy.

Plaintiff argues that the counterclaim is permissive and not part of the same case or controversy. Alternatively, plaintiff asks this court to exercise its discretion to decline supplemental jurisdiction because defendant's counterclaim is based on a novel issue of state law.

**1.      Case or Controversy**

The federal supplemental jurisdiction statute provides:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

Before Congress enacted this statute, federal courts had supplemental jurisdiction over compulsory counterclaims because a defendant would otherwise lose the opportunity to be heard on that claim. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("Refusal to entertain a compulsory counterclaim might lead to its forfeiture"). By contrast, federal courts did not have jurisdiction over permissive counterclaims absent an independent basis for subject matter jurisdiction. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004); *Channell*, 89 F.3d at 384; *see also Adams St. Joint Venture v. Harte*, 231 F. Supp. 2d 759, 761-62 (N.D. Ill. 2002).

Recently, some courts have concluded that the "same case or controversy" test established by § 1367 extends supplemental jurisdiction beyond compulsory counterclaims to also encompass some permissive counterclaims. *See, e.g.*, *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1067 (E.D. Cal. 2005) (stating that the "same case or controversy test is clearly

broader than the 'same transaction or occurrence' test for compulsory counterclaims, but . . . also appears to be broader than the test for permissive counterclaims"); *Campos v. West Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005) ("The test for supplemental jurisdiction under Section 1367 appears to be broad enough to encompass some permissive counterclaims"); *see also Channell*, 89 F.3d at 384; *Jones*, 358 F.3d at 212-13.

The Ninth Circuit has yet to address whether permissive counterclaims require separate subject matter jurisdiction.  However, under the Ninth Circuit's test for supplemental jurisdiction, the state law claim is considered part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims such that the state and federal claims would normally be tried together.  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).  The court may exercise supplemental jurisdiction when the plaintiff's claim and the defendant's counterclaim arise from the same transaction and rely on identical facts for their resolution.  *Sea-Land Service, Inc. v. Lozen Intern., LLC.*, 285 F.3d 808, 814 (9th Cir. 2002).

Plaintiff argues that the only common fact between plaintiff's wage claim and defendant's tort claim is the employer-employee relationship, and that this relationship is not enough to warrant supplemental jurisdiction.  Pl.'s Mot. at 3.  Defendant asserts that the conversion action and wage claim both arise from the common fact of plaintiff's termination because both actions would not exist but for plaintiff's termination.  Resp. at 3.

The district court is given broad discretion to decide whether to exercise supplemental jurisdiction over state law claims.  *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1506 (9th Cir. 1992).  This court finds that the claims share enough common facts such that the interests of judicial economy and efficiency support trying the claims together in one action.

4        - ORDER

2.      **Novel Issue of State Law**

A court may decline to exercise supplemental jurisdiction over defendant's counterclaim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  *See* 28 U.S.C. § 1367(c).

Plaintiff urges this court to decline to extend supplemental jurisdiction because defendant's counterclaim raises novel state law claims.  Plaintiff argues that "no Oregon appellate court has addressed the applicability of [ORS 20.080] to conversion claims . . . [and] whether a nonmonetary demand for the return of personal property qualifies" under the statute. Reply at  6-7.

The Ninth Circuit has held that a state claim is novel when it requires the application of a state statute that has not been interpreted by the state courts.  *See Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1034 (9th Cir. 2005) (refusing to extend supplemental jurisdiction to a plaintiff's declaratory action asking the court to define and apply a rent control exemption that had not been interpreted by any California court).

Plaintiff correctly notes that no Oregon authorities apply ORS 20.080 to a conversion action.  Nevertheless, Oregon courts have interpreted this statute to encompass "all tort claims involving small sums to encourage their settlement without litigation."  *Farmer v. George*, 720 P.2d 1328, 1330 (Or. App. 1986) (holding that ORS 20.080 is applicable to common law fraud action).  Oregon courts have also determined what constitutes a sufficient pre-litigation demand under the statute.  *See, e.g.*, *Johnson v. Swaim*, 172 P.3d 645, 648-49 (Or. 2007) (holding that ORS 20.080's written demand requirement is satisfied if the claimant identifies the dollar amount

of the claim or notifies the opposing party that the claim falls within range of ORS 20.080, and

that an insufficient written demand cannot be cured by an oral communication); *Woods v. Carl*

*Karcher Enterprises, Inc.*, 146 P.3d 319, 322-23 (Or. 2006) (holding that the pre-litigation

demand must be made in a manner that is reasonably calculated to apprise the opposing party of

the demand and give that party an opportunity to settle the case).  Because sufficient authority

exists interpreting the Oregon statute, this court rejects plaintiff's request to deny supplemental

jurisdiction on grounds that defendant's counterclaim is novel.

**CONCLUSION**

For the reasons provided, plaintiff's Motion to Dismiss Counterclaim [5] is denied.

The schedule in this matter is amended.  Discovery closes August 28, 2009.  Dispositive

motions must be filed by September 11, 2009.  Responses and Replies shall be filed in

accordance with the court's Local Rules.

The court orders plaintiff to file additional briefing by June 26, 2009 to establish the

subject matter jurisdiction requirements for plaintiff's Complaint.

IT IS SO ORDERED.

Dated this   11   day of June, 2009.

  /s/ ANCER L. HAGGERTY
   ANCER L. HAGGERTY
   United States District Judge