UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


THOMAS A. DODSON, JR.,

        Plaintiff,

        v.

APW HOLDINGS, LLC, a Pennsylvania
limited liability company, d/b/a Airport
Wireless,

        Defendant.

Civil No. 09-151-HA

OPINION AND ORDER

HAGGERTY, District Judge:

        Plaintiff has brought suit against defendant asserting claims for unpaid benefits, wages and penalties. Defendant responded with a counterclaim for conversion. Plaintiff moved for summary judgment [39], arguing that he is entitled to judgment as a matter of law in favor of his claims and against defendant's counterclaim. Defendant subsequently moved for summary judgment on plaintiff's claims, as well [67].

        The court has determined that oral argument on this motion is unnecessary. For the following reasons, plaintiff's summary judgment motion and defendant's motion are granted in part.

**BACKGROUND**

OPINION AND ORDER -1

Plaintiff is a resident of Oregon. Defendant is a Pennsylvania company based in Wellington, Florida. Defendant sells personal communication and computing devices in stores in airports throughout the United States. Plaintiff worked with defendant's business partner Palm USA in 2007, and in the summer of that year began negotiating for a position with defendant. On August 27, 2007, a representative of defendant sent an offer of employment to plaintiff, offering the position of defendant's Vice President of Operations. Plaintiff replied with a communication addressing compensation terms, which defendant's representative reviewed with counsel. On August 28, 2007, the representative sent plaintiff a document titled "Offer Terms" (hereinafter, the Agreement), and asked plaintiff to confirm the parties' mutual assent to the terms. Plaintiff replied that day with a communication stating "[t]his is perfect and I eagerly accept your offer."

The Agreement established that plaintiff's period of employment began on September 17, 2007 and ended on September 16, 2008. Plaintiff's annual salary was set at $200,000, and he was to receive a "Cash Incentive Bonus" that was described as a "20% target to be based on established objectives relating to, among other things, increase is same store sales and store openings." Dft. Concise Statement at Para. 21.

Defendant acknowledges that it failed to set sales goals for plaintiff during at least the first three and a half months of employment. Dft. Resp. at 3. Defendant excuses this failure on grounds that plaintiff "was new to the Company" and because defendant preferred to give plaintiff "time to learn [defendant's ] business." *Id*.

Beginning in January 2008, the parties attempted to negotiate targets that would trigger payments of monthly bonuses. The parties dispute whether plaintiff performed in a manner that merited bonuses. Defendant lacks evidence that it continued bonus negotiations toward the end of plaintiff's employment term, but asserts that plaintiff failed to be in contact with defendant during

OPINION AND ORDER -2

"much of July and August 2008" and refused to return calls or e-mails and failed to attend "critical meetings." *Id*. at 4. Plaintiff asserts that he performed well and that his absences were authorized.

The Agreement also provided terms for a "Long Term Incentive Bonus." This bonus was described as an:

> [o]ption to purchase 1% of Common Stock on a fully diluted basis-vesting 10% upon signing; and 30% on each anniversary, subject to acceleration on a Change of Control (if APW remains an LLC, a comparable security will be issued).

*Id*.

Terms for a possible severance payment were included. These terms provided that if plaintiff's employment ended and was not due to a termination with cause or plaintiff's voluntary departure, then plaintiff would receive a severance payment of "9 months, decreasing 1 month for each 2 months of service. . . ." *Id*.

Plaintiff was notified on August 24, 2008, that his employment would not be renewed after the term expired on September 16, 2008. Wages paid to plaintiff as of September 19, 2008 total $201,107.12. The parties' Agreement provided that plaintiff would receive $200,000 in wages for the year's term ending September 16, 2008.

Plaintiff contends, in part, that he is entitled to summary judgment on his claims relating to an unpaid severance offer, an offer for bonuses, an offer for partial ownership interest, and wages owed. Defendant seeks summary judgment on these same claims. The parties also dispute the validity and scope of defendant's counterclaim for conversion by plaintiff of a company-owned cellular telephone and two laptop computers. This dispute is addressed in this ruling as well.

**SUMMARY JUDGMENT STANDARDS**

OPINION AND ORDER -3

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Defendant, the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-49. If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987)).

**ANALYSIS**

For the most part, the parties' competing summary judgment motions address the same issues. Some aspects of the factual background are undisputed. The disputed facts will be viewed in a light favorable to the non-moving party wherever possible.

    1.    **Severance Terms**

Plaintiff argues that defendant breached its contractual obligation to remit a severance payment to him pursuant to the terms of the parties' Agreement. Viewing the facts favorably to plaintiff, there is no legitimate ground for asserting any entitlement to severance.

Plaintiff was not terminated prior to the expiration of his one-year employment term (and moreover, the heart of this litigation focuses on whether plaintiff was paid his full annual salary and whether monthly bonus targets through those twelve months were provided properly). Plaintiff correctly asserts that he did not leave his employment voluntarily and that he was not terminated for cause. While those factors were two prerequisites for the severance benefit, the benefit itself expired when the one-year Agreement expired.

Plaintiff's reliance upon evidence that suggests the parties contemplated amending the Agreement's scope by retaining plaintiff, or possibly extending his employment beyond the Agreement's one-year term, fails to render the severance terms enforceable beyond the one year of employment agreed upon by the parties. Defendant is granted summary judgment as to plaintiff's claim for a severance benefit.

### 2. Option for Stocks or for Comparable Securities

Plaintiff claims that he is entitled to the value of the "Long Term Incentive Bonus" described in the Agreement. This claim is similarly without merit. There is no viable ground to support plaintiff's strained interpretation that this benefit was *either* an option to plaintiff to purchase defendant's common stock, *or* a promise by defendant to simply give plaintiff "comparable security" if defendant remained a limited liability corporation. Instead, the only reasonable construction of these terms is that defendant extended an option to plaintiff to purchase company securities (*either* stock or, if defendant remained a limited liability corporation, comparable securities). There is no evidence whatsoever that plaintiff ever attempted to exercise

OPINION AND ORDER -5

this option. Defendant is granted summary judgment as to plaintiff's claims regarding the Agreement's long-term incentive bonus.

### 3. Cash Incentive Bonus

Questions of material fact preclude this court from granting summary judgment to either party regarding the Agreement's terms for paying plaintiff cash incentive bonuses. Defendant acknowledges that its representatives undertook only partial efforts to fulfill defendant's duties "to establish monthly targets for plaintiff to satisfy [so that plaintiff could] be entitled to the monthly bonus" that the parties provided for in their Agreement. Dft. Mem Supp. at 2-4. Defendant concedes that it failed to begin negotiating targets for plaintiff until January 2008, and that it has no evidence of such negotiating during the last two months of the Agreement's terms. *Id*.

Defendant contends that its decisions regarding provisions for plaintiff's incentive bonuses were done in "good faith," and so are entitled to deference. This court disagrees.

Defendant's rationalizations for its failures to completely fulfill this aspect of its obligations under the Agreement raise issues for a jury. Specifically, the reasonableness of entering into an Agreement that created an obligation to present monthly bonus targets, but then unilaterally refraining from doing so during the employee's first four months of employment, presents issues for a jury's consideration. Similarly, defendant's acknowledgment that it cannot find evidence that it undertook target-setting for bonuses toward the end of plaintiff's employment, accompanied with explanations that plaintiff was non-communicative during that period, raises additional factual issues for a jury to resolve regarding possible liability and possible damages.

Plaintiff's argument that he should be granted summary judgment on this matter fails for the same reasons. Factual disputes regarding the possible propriety and value of bonuses during the scope of plaintiff's employment preclude resolution of this matter at this stage.

OPINION AND ORDER -6

    4.    **Final Pay**

Defendant acknowledges that under applicable laws, it was required to ensure that plaintiff received his full pay in the form of a final paycheck no later than September 17, 2008. Dft. Mem. Supp. at 14. Defendant issued a final paycheck to plaintiff on September 19, 2008, and tacitly concedes that, accordingly, plaintiff "was entitled to $1,095.90 in statutory penalties because he did not receive his final paycheck until" that date. *Id*. That amount is derived from the calculations provided to defendant in a demand letter sent by plaintiff's counsel (seeking final-paycheck penalties of $547.95 per day). *Id*. (citation omitted).

Defendant seeks summary judgment on this aspect of plaintiff's case because purportedly, defendant had mistakenly overpaid plaintiff in the amount of $1,107.12 by September 19, 2008 (more than the penalties demanded by plaintiff's counsel), and then also paid plaintiff an additional $772.42 on September 22, 2008.

Plaintiff seeks summary judgment on this claim as well, arguing that there is no issue of fact that plaintiff had not received his final paycheck as of September 17, 2008, as required by law. Plaintiff rejects defendant's explanations about his purported overpayment because (1) that overpayment was not intended as a final payment and settlement of penalties owed, and (2) the daily penalty owed was miscalculated in counsel's demand letter and is actually significantly greater.

The factual disputes surrounding this claim preclude a resolution as a matter of law at this stage in the litigation. Supplemental briefing is necessary to address the following issues:

- are there any factual disputes regarding whether plaintiff received all wages to which he was entitled by September 19, 2008?

OPINION AND ORDER -7

- are there any factual disputes that plaintiff is entitled to recover penalties (and/or additional wages) because his employment terminated on September 16, 2008, and his final paycheck was not provided until September 19, 2008?

- what is the legal effect, if any, of defendant's purported overpayments to plaintiff?

- to what extent, if any, is plaintiff entitled to recover attorney fees related to his wage claims?

- what is the legal effect of the wage and penalty calculations presented in counsel's demand letter, and what is the prejudice suffered by defendant if plaintiff is permitted to amend those calculations?

These issues shall be addressed in supplemental briefing by the parties after an opportunity for additional discovery is provided. A final schedule is provided below.

    5.    **Counterclaim and Attorney Fees**

Plaintiff's summary judgment motion also addresses defendant's counterclaim for conversion. Plaintiff asserts that he is entitled to summary judgment on this counterclaim because defendant failed to offer evidence of the reasonable market value of the property allegedly converted. Plaintiff also seeks a ruling that defendant is not entitled to an award of attorney fees under Oregon Revised Statutes (ORS) 20.080 because defendant failed to make a claim for damages prior to filing its counterclaim (but instead only sought the return of the converted property). Plaintiff also contends that defendant failed to give notice that it would seek an award of fees. Pl.'s Mem. Supp. at 2-4.

Defendant responded by providing what it described as "sufficient proof" of the value of the items allegedly converted. Defendant presented testimony from its Chief Executive Officer, who offered estimates of the replacement values of two computer laptops and a cellular telephone.

OPINION AND ORDER -8

Plaintiff challenges the sufficiency of this testimony as evidence of the converted items' reasonable market value. Plaintiff also asserts that his motion should be granted as to defendant's possible entitlement to an award of attorney fees, because defendant has failed to oppose or present argument regarding that issue.

This court overrules plaintiff's challenges to the sufficiency of defendant's evidence regarding the value of the converted items. Plaintiff's challenges go more to the weight of the evidence presented rather than the pleading sufficiency of that evidence, and lack persuasion in the wake of counsel's efforts to modify or re-construct the scope of plaintiff's wage and penalty claims.

Defendant's abandonment of its possible claim for an award of attorney fees is well-taken. Plaintiff is granted summary judgment as to his assertion that defendant is not entitled to a fee award under its counterclaim. However, in addition to the supplemental briefing addressed above, defendant is granted leave to show written cause why this aspect of the ruling should be vacated.

**CONCLUSION**

Plaintiff's motion for summary judgment [39] and defendant's motion for summary judgment [67] are granted in part as addressed herein. Discovery regarding the remaining issues is extended until February 25, 2011. The parties are ordered to file supplemental briefing pursuant to the guidance provided herein, and shall address whether summary judgment is appropriate for the issues remaining in the case. The supplemental briefs must be filed by March 11, 2011. Responses shall be filed by March 18, 2011. Replies must be filed by March 25, 2011.

The parties are also ordered to confer regarding whether this case is appropriate for referral to the services of a settlement judge, or to this court's free mediation services under the supervision of former Oregon Supreme Court Justice Susan Leeson. Counsel are invited to contact this court informally if such a referral is deemed appropriate.

IT IS SO ORDERED.

DATED this   23rd   day of December, 2010.

                                                /s/ Ancer L. Haggerty
                                                Ancer L. Haggerty
                                          United States District Judge